[NOT FOR PUBLICATION]

 United States Court of Appeals
 For the First Circuit

 

No. 97-1157

 LUCAS LUCARELLI,

 Plaintiff - Appellant,

 v.

 UNITED STATES OF AMERICA,

 Defendant - Appellee.

 

 APPEAL FROM THE UNITED STATES DISTRICT COURT

 FOR THE DISTRICT OF PUERTO RICO

 [Hon. Juan M. P rez-Gim nez, U.S. District Judge] 

 

 Before

 Torruella, Chief Judge, 

 Campbell, Senior Circuit Judge, 

 and Stahl, Circuit Judge. 

 

 Plinio P rez-Marrero for appellant. 
 Fidel A. Sevillano-del R o, Assistant United States 
Attorney, with whom Guillermo Gil, United States Attorney, was on 
brief for appellee.

 

 June 18, 1997
 

 Per Curiam. Lucas Lucarelli ("Lucarelli"), a disabled Per Curiam. 

40 year old veteran of the United States Air Force, and his

mother, Ada Rivera ("Rivera"), filed this action in federal

district court, claiming medical malpractice against the United

States under the Federal Tort Claims Act (FTCA), 28 U.S.C. 

2671-2680.

 Plaintiffs' claim arose in 1992 when Lucarelli was

admitted to the Veteran's Administration Medical Center in Puerto

Rico, complaining of back pain and difficulty walking and

urinating. Surgery was scheduled to treat him. Prior to the

surgery, an HIV test was conducted. The test results were

negative, although Lucarelli was not informed of this fact. He

claims to have overheard two nurses discussing that he "probably

had" the virus.

 In March or April 1993, Rivera received a letter

addressed to Lucarelli, which she opened on his behalf. The

letter, dated December 15, 1992, stated that Lucarelli had tested

positive for HIV.

 It was not until December 21, 1993, that Lucarelli,

after contacting an attorney and undergoing another HIV test,

learned that he was, in fact, HIV negative.

 Following a bench trial, the court awarded damages

totalling $33,750. Plaintiffs-appellants appeal, essentially

arguing that the district court made erroneous factual

determinations regarding the damages suffered.

 -2-

 On appeal, findings of fact will be set aside only if

clearly erroneous. Fed. R. Civ. P. 52(a); Juno SRL v. S/V 

Endeavour, 58 F.3d 1, 4 (1st Cir. 1995). Having reviewed the 

record and the briefs on appeal, we conclude that the district

court did not commit clear error. Accordingly, we affirm the affirm 

decision of the district court.

 -3-